T.C. Summary Opinion 2012-70

UNITED STATES TAX COURT

JAVIER PADILLA AND MARIA ANGELES PADILLA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3557-10S.                    Filed July 17, 2012.

<u>Randal M. Reves</u>, for petitioners.

<u>Emily J. Giometti</u> and <u>Robert D. Kaiser</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable

by any other court, and this opinion shall not be treated as precedent for any other

case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $15,558 and an accuracy-related penalty of $3,112. Respondent also determined a deficiency in petitioner Javier Padilla's 2007 Federal income tax of $30,480, a section 6651(a)(1) addition to tax of $1,438.65 for failure to timely file a return, and an accuracy-related penalty of $6,069. After concessions,[1] the issues for decision are: (1) whether petitioners are entitled to business expense deductions for certain labor costs in excess of amounts respondent allowed (2) whether petitioner Javier Padilla is liable for the section 6651(a)(1) failure to file addition to tax for 2007, and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalties for 2006 and 2007.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Ohio at the time the petition was filed.

---

[1]At trial petitioners conceded all adjustments other than labor costs variously described as "contract labor", "spot labor", "child labor", and "cost of goods sold".

Javier Padilla (petitioner) operated a business as a drywall contractor. Petitioner entered into contracts with other businesses to install drywall and hired laborers as independent contractors to perform the work. Petitioner paid the independent contractors either by check or in cash. When petitioner paid the independent contractors in cash, he often retained receipts.

Petitioners filed a 2006 Form 1040, U.S. Individual Income Tax Return, with a filing status of married filing jointly. Petitioner filed a 2007 Form 1040 with a filing status of head of household. Both of these returns were selected for examination.

Petitioners claimed a business expense deduction of $227,131 for contract labor on the 2006 return. During the examination petitioner provided completed but unfiled Forms 1099-MISC, Miscellaneous Income, reflecting payments of $238,361 for contract labor. In the notice of deficiency for 2006 respondent allowed $208,361 on the basis of the Forms 1099-MISC and related substantiation but disallowed a $30,000 claimed deduction representing a purported payment to Jose Mendoza.

On the 2007 return petitioner claimed a business expense deduction for "other expenses" which included, inter alia, $9,890 for "child labor" and $2,252 for "spot labor". Respondent disallowed these amounts in full in the notice of deficiency for

2007. Also for 2007, petitioner claimed a business expense deduction for cost of goods sold of $193,730. This amount included $177,280 for the cost of labor and $16,450 for materials and supplies. During the examination, petitioner provided completed but unfiled Forms 1099-MISC reflecting payments of $190,280 for contract labor. In the notice of deficiency for 2007 respondent allowed a deduction for cost of goods sold of $150,550.[2] After the notice of deficiency was issued, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2007 claiming $6,890 for "child labor", $950 for "spot labor", $189,325 for the cost of labor, and $19,291 for materials and supplies. Petitioner also provided revised Forms 1099-MISC reflecting payments of $194,325.

The amounts claimed on the return, amounts allowed in the notice of deficiency for 2007, and the amounts claimed on the Form 1040X submitted after the notice of deficiency are as follows:

---

[2]Although not delineated in the notice of deficiency for 2007, the stipulated exhibits reflect that respondent allowed $134,100 for contract labor and the entire claimed materials expense of $16,450 for a total of $150,550. The contract labor amount appears to be based on the amounts reflected in the Forms 1099-MISC provided during examination to the extent they were supported by substantiation that respondent accepted.

2007

|  | Return | Allowed (per Notice of Deficiency) | Amended Return |
|---|---|---|---|
| Child Labor | $9,890 | 0 | $6,890 |
| Spot Labor | 2,252 | 0 | 950 |
| Labor | 177,280 | 134,100 | 189,325 |
| Materials & Supplies | 16,450 | 16,450 | 19,291 |
| Cost of Goods Sold | 193,730 | $150,550 | 208,616 |

At trial petitioner submitted copies of checks reflecting payment of $6,890 to his children for work performed and $950 for "spot labor". Petitioner did not provide any explanation as to the "spot labor". Petitioner submitted copies of checks and receipts indicating payment of amounts in excess of the amounts reflected on the Forms 1099-MISC for some of the independent contractors.[3] In addition, petitioner submitted copies of checks reflecting payments to independent contractors not previously included on the Forms 1099-MISC.[4] Petitioner also provided copies of checks and testimony regarding the $2,031.25 claimed for

---

[3]The additional amounts total $29,385.09. This amount includes $844.29 in checks and $28,540.80 in receipts. This amount does not include any undated receipts proffered for years other than the years in issue.

[4]These checks reflect payment of $4,800 to G. Parsly and payment of $4,379.92 to A. Tovar.

materials.  The record does not reflect whether this amount is included in the amount respondent previously allowed.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace.  Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. at 115; Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the substantiation and recordkeeping requirements.  See sec. 7491(a)(2)(A) and (B).  Petitioners therefore bear the burden of  proof.  See Rule 142(a).

### Labor Costs

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions.  Sec. 6001.

Section 162(a) provides a deduction for certain business-related expenses. In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Deputy v. du Pont, 308 U.S. at 495 (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved"). Whether an expense is ordinary is affected by time, place, and circumstance. Welch v. Helvering, 290 U.S. at 113-114.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

We conclude that the cost of labor is an ordinary and necessary expense for petitioner to carry on his drywall installation business. We therefore allow business expense deductions for labor to the extent they are substantiated.

The only issue petitioner raised at trial regarding 2006 was the disallowance of a deduction relating to a $30,000 payment to Jose Mendoza for labor.  Mr. Mendoza was called as a witness at trial and testified regarding his work for petitioner.  The Court found his testimony, coupled with a dated receipt and a Form 1099-MISC provided during examination, sufficient to substantiate the payment for 2006.  We therefore allow this amount as a business expense deduction for 2006.

Petitioner disputes the disallowance of business expense deductions for "child labor" and "spot labor" claimed for 2007.  Sometimes petitioner's children worked for him after school and during summers.  Petitioner paid his children for their work and characterized those payments on his return as "child labor."  At trial petitioner provided copies of checks that reflect payments to his children for labor of $6,898, and we therefore allow this amount as a business expense deduction.  As indicated, petitioner did not explain the claimed "spot labor" deduction.  As a result, we are unable to ascertain whether it is an ordinary and necessary expense, and we therefore disallow the business expense deduction for "spot labor".

Petitioner claims he is entitled to a business expense deduction for the cost of labor in excess of the amount allowed for 2007 in the notice of deficiency.  As

indicated, respondent allowed petitioner a business expense deduction of $134,100 for the cost of labor. In addition to the amounts respondent allowed, petitioner has substantiated, by check or receipt, additional payments for labor in 2007 of $29,385.09. Thus, the total labor expense (reflected as cost of goods sold) allowed for 2007 is $163,485.09.

Petitioner also submitted receipts which were undated or were for years not in issue. We do not accept these as substantiation for payments during the years in issue. One of the undated receipts relates to a purported $30,000 payment to Jose Mendoza for 2007. We do not allow a business expense deduction for a purported $30,000 payment to Mr. Mendoza for 2007 which was neither substantiated during examination nor evidenced by a check or dated receipt.

Petitioner provided copies of checks reflecting payment for materials. Petitioner has not satisfied the Court that he had additional costs for materials in excess of the amount respondent allowed. Respondent's determination with respect to the business expense deduction for materials and supplies is therefore sustained.

Failure to File Addition to Tax

Section 6651(a)(1) imposes an addition to tax of 5% per month of the amount of tax required to be shown on the return, not to exceed 25%, for failure to timely

file a return. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure to timely file was due to reasonable cause and not willful neglect. Section 7491(c) provides that the Commissioner has the burden of production in any Court proceeding with respect to liability for an addition to tax. The record reflects that petitioner did not file his 2007 Federal income tax return until May 8, 2008. Petitioner gave no testimony regarding this issue. The record does not establish that petitioner's failure to timely file his 2007 Federal income tax return was due to reasonable cause and not willful neglect. Therefore, petitioner is liable for the section 6651(a)(1) addition to tax.[5]

Accuracy-Related Penalty

Taxpayers may be liable for a 20% penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined

---

[5]Since we have allowed some deductions respondent disallowed, the amount of tax required to be shown on petitioner's 2007 Federal income tax return will be less than the amount determined in the notice of deficiency. We leave the recalculation to the parties' Rule 155 computations.

as the failure to exercise due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply where the taxpayer shows that he acted in good faith and with reasonable cause. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith and with reasonable cause depends on the facts and circumstances of each case and includes the knowledge and experience of the taxpayer and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Most important in this determination is the extent of the taxpayer's effort to determine the proper tax liability. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d. Cir. 2002).

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent determined the accuracy-related penalty for each year was due to negligence. Respondent has satisfied his burden by producing evidence that petitioner failed to maintain adequate books and records. Accordingly, because respondent has met his burden of production, petitioner must come forward with persuasive evidence that the accuracy-related penalty should not be imposed with respect to the underpayment because he acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioners offered no argument or other evidence to show that there was reasonable cause for the deductions claimed and that they acted in good faith with respect to the underpayments. Respondent's determination of the accuracy-related penalties under section 6662(a) for 2006 and 2007 will be sustained.[6]

## Conclusion

Petitioners are entitled to an additional business expense deduction for 2006 for the $30,000 payment to Mr. Mendoza. Petitioners are also liable for the section 6662(a) accuracy-related penalty for 2006. Petitioner is entitled to additional business expense deductions for 2007 for payments to his children of $6,898 and for

---

[6]As indicated, since we have allowed additional business expense deductions, the amounts of tax required to be shown on petitioners' 2006 and petitioner's 2007 Federal income tax returns will be reduced from the amounts determined in the notice of deficiency.

payments to independent contractors of $29,385.09.  Petitioner is also liable for the section 6651(a)(1) addition to tax and the section 6662(a) accuracy-related penalty for 2007.

To reflect the foregoing,

Decision will be entered

under Rule 155.